**E-FILED**
Tuesday, 27 December, 2005 02:09:41 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| KENNETH A. MCCREADY,<br><br>Plaintiff,<br><br>vs.<br><br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, a Texas limited Liability Partnership, and the CITY OF CHICAGO, ILLINOIS, an Illinois Municipal Corporation,<br><br>Defendants. | } | Civil No. |

FILED
DEC 27 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Kenneth A. McCready brings this action to secure redress for a course of conduct that included the accessing of consumer reports on plaintiff without plaintiff's consent or any lawful reason, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p (FCRA).

3. Venue in this District is proper in that plaintiff resided in this District at the time his credit information was illegally accessed.

## PARTIES

4. Plaintiff is an individual who resides in this District. He is a consumer, as

that term is defined in 15 U.S.C. §1692a.

5. The city of Chicago is an Illinois Municipal Corporation.

6. Defendant Linebarger Goggan Blair & Sampson, LLP ("Linebarger") is a law and collection firm organized as a Texas limited liability partnership. It has offices in Illinois and is doing business in Illinois on a consistent basis.

7. Linebarger has a contract with the City of Chicago to collect parking fines as the agent and attorney of the City.

## FACTS

8. On or about July 6, 2004, plaintiff received a copy of his consumer report from Experian. That report indicates it was prepared on June 29, 2004.

9. In the June 29, 2004 consumer report, Experian indicates that it had provided plaintiff's credit history to the City of Chicago.

10. On September 22, 2005, plaintiff received a near-current copy of his Experian consumer report from counsel for Experian.

11. Within that consumer report, dated August 25, 2005, is the further indication under the heading "**Requests viewed by others**" that a "source" using the name "LINEBARGER GOGGAN BLAIR" of 911 Central Pkwy N Ste 2 San Antonio TX 78232 "requested... to review [Plaintiff's] credit history". On information and belief, the reference is to Linebarger.

12. The FCRA, 15 U.S.C. §1681a(d), defines "consumer report" as follows:

> **The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity,**

> **character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--**
>
> > **(A) credit or insurance to be used primarily for personal, family, or household purposes; . . .**

13. The FCRA, 15 U.S.C. §1681a(f), defines "consumer reporting agency" as:

> **[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.**

14. Experian is a "consumer reporting agency."

15. The FCRA, 15 U.S.C. §1681b, provides it is permissible to obtain or use a consumer report on a consumer only with the written consent of the consumer or for certain "permissible purposes":

> **(a) In general. Subject to subsection (c) [dealing with "firm offers of credit"], any consumer reporting agency may furnish a consumer report under the following circumstances and no other:**
>
> > **(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.**
> >
> > **(2) In accordance with the written instructions of the consumer to whom it relates.**
> >
> > **(3) To a person which it has reason to believe--**
> >
> > > **(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or**
> > >
> > > **(B) intends to use the information for employment purposes; or**

**(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or**

**(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or**

**(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or**

**(F) otherwise has a legitimate business need for the information--**

**(i) in connection with a business transaction that is initiated by the consumer; or**

**(ii) to review an account to determine whether the consumer continues to meet the terms of the account.**

**(4) In response to a request by the head of a State or local child support enforcement agency (or a State or local government official authorized by the head of such an agency), if the person making the request certifies to the consumer reporting agency that--**

**(A) the consumer report is needed for the purpose of establishing an individual's capacity to make child support payments or determining the appropriate level of such payments;**

**(B) the paternity of the consumer for the child to which the obligation relates has been established or acknowledged by the consumer in accordance with State laws under which the obligation arises (if required by those laws);**

**(C) the person has provided at least 10 days' prior notice to the consumer whose report is requested, by certified or registered mail to the last known address of the consumer, that the report will be requested; and**

**(D) the consumer report will be kept confidential, will be used solely for a purpose described in subparagraph (A), and will not be used in connection with any other civil, administrative, or criminal proceeding, or for any other purpose.**

**(5) To an agency administering a State plan under section 454 of the Social Security Act *(42 U.S.C. 654)* for use to set an initial or modified child support award.**

16. The requester must certify to the consumer reporting agency that a permissible purpose exists and may not acquire or use the report for any other purpose.

17. Plaintiff had no business with the City of Chicago or Linebarger that would give either a permissible purpose to access plaintiff's consumer report information.

18. On information and belief, the City of Chicago and Linebarger obtained and used plaintiff's consumer report information to prosecute parking ticket violation citations against plaintiff.

19. The prosecution of parking violation citations does not constitute a permissible purpose for accessing or using consumer report information.

20. Plaintiff at no time had any "account" with the City of Chicago or Linebarger.

21. Consumer report information may be accessed for law enforcement purposes only pursuant to court order, a grand jury subpoena, or for counterterrorism and counterintelligence purposes. None of these exceptions applies here.

22. On information and belief, it is the practice of the City of Chicago and Linebarger to acquire and use consumer report information for the purpose of collecting parking fines.

23. In acquiring and using plaintiff's consumer report, defendants City of Chicago and Linebarger violated 15 U.S.C. §1681b(f).

24. Defendants' actions were willful, in violation of 15 U.S.C. §1681n.

25. The FCRA, 15 U.S.C. §1681n, provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

26. The FCRA, 15 U.S.C. §1681p, provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USC §§1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§1681 et seq.] to be disclosed to an individual and the information so misrepresented is material**

**to the establishment of the defendant's liability to that individual under this title [15 USC §§1681 et seq.], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.**

## CLASS ALLEGATIONS

27. This claim is brought on behalf of two classes, Chicago and Linebarger.

28. The Chicago class consists of (a) all persons (b) whose consumer report information was acquired or used by the City of Chicago or its agents (including Linebarger) (c) to collect putative parking fines (d) on or after a date two years prior to the filing of this action.

29. The Linebarger class consists of (a) all persons (b) whose consumer report information was acquired or used by Linebarger (c) to collect putative parking fines (d) on or after a date two years prior to the filing of this action.

30. Each class is so numerous that joinder of all members is impracticable.

31. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether obtaining a consumer report for collecting parking fines violates the FCRA.

32. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

33. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of similar claims.

34. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop defendants' improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class members for:

a. Appropriate statutory and punitive damages;

b. Injunctive relief against further violations;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as is appropriate.

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

Daniel A. Edelman

t:\15965\pleading\complaint-city and linebarger.wpd

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
KENNETH A. MCCREADY

**DEFENDANTS**
LINEBARGER GOGGEN BLAIR & SAMPSON, LLP, and THE CITY OF CHICAGO, ILLINOIS

**(b)** County of Residence of First Listed Plaintiff: Iroquois County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ____________
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Edelman, Combs, Lattuner & Goodwin LLC (312) 739-4200
120 S LaSalle - 18th Floor
Chicago, IL 60603

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
X 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- X 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determinatio Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

X 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.
Brief description of cause:
To secure redress for a course of conduct that included the accessing of consumer reports on plaintiff without consent for no lawful reason

## VII. REQUESTED IN COMPLAINT:

X CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE McCuskey DOCKET NUMBER 05-2141

DATE: December 22, 2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________